UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SCOTT HOPKINS, )
)
)
Plaintiff, )
)
v. )
)
TITAN SPORTS, INC., )
and MEL PHILLIPS, )
)
Defendants. )

C.A. NO. 99-40186EFH

## DEFENDANT TITAN SPORTS, INC.'S ANSWER

Defendant, Titan Sports, Inc. ("Titan"), currently known as World Wrestling

Federation Entertainment, Inc. (collectively referred to herein as "WWFE" unless otherwise

noted), by and through its undersigned counsel, hereby files the following Answer to Plaintiff's

Complaint, stating as follows:

### FIRST DEFENSE

WWFE answers the numbered paragraphs of Plaintiff's Complaint as follows:

### I.     INTRODUCTION

1.     The averments contained in paragraph 1 of the Complaint constitute legal

conclusions to which no response is required. To the extent that a response is required, after

reasonable investigation, WWFE is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 1 of the Complaint and, therefore, said

averments are denied and strict proof thereof is demanded at the time of trial.



## II.   PARTIES

2-3.    After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraphs 2 and 3 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

4.    The averments contained in paragraph 4 of the Complaint are denied because Titan Sports, Inc. no longer exists as a legal entity and is currently known as World Wrestling Federation Entertainment, Inc.  By way of further response, WWFE is a corporation doing business in the State of Connecticut, with its main offices located at 1241 East Main Street, Stamford, Connecticut 06902.

## III.   JURISDICTION

5.    The averments contained in paragraph 5 of the Complaint are admitted in part and denied in part.  It is admitted that WWFE is a corporation with its principal place of business in Connecticut.  The averment contained in the first sentence of paragraph 5 of the Complaint constitutes a legal conclusion to which no response is required.  After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in paragraph 5 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

## IV.   VENUE

6.    The averments contained in paragraph 6 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 6 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

## V.    STATEMENT OF FACTS

7.    After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 7 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

8.    The averments contained in paragraph 8 of the Complaint are denied as pled.  It is admitted that defendant Phillips infrequently served as a ring announcer for WWFE and performed other tasks for WWFE.  To the extent that the averments in paragraph 8 suggest that defendant Phillips was an employee of WWFE, such averments are specifically denied.  To the contrary, defendant Phillips was at all times an independent contractor of WWFE.  After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in paragraph 8 of the Complaint and therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

9-16.   After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraphs 9 through 16 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

17.    The averments contained in the first sentence of paragraph 17 are denied.  It is admitted that WWFE did not provide rooms for wrestlers since they were independent contractors.  After reasonable investigation, WWFE is without sufficient knowledge or

- 3 -

information to form a belief as to the truth of the remainder of the averments contained in paragraph 17 of the Complaint because WWFE is without sufficient knowledge or information as to which employees are included within the second sentence and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

18.     After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 18 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

19.     The averments contained in paragraph 19 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 19 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

20-22.  After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraphs 20 through 22 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

23-25.  The averments contained in paragraphs 23 through 25 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraphs 23 through 25 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

26.    The averments contained in paragraph 26 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, said averments are specifically denied.

27.    The averments contained in paragraph 27 of the Complaint are denied.

28.    The averments contained in paragraph 28 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, said averments are specifically denied.

29.    After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 29 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

30.    The averments contained in paragraph 30 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 30 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.  By way of further response, it is specifically denied that any alleged medical or emotional problems of Plaintiff are a result of any conduct of WWFE.

31.    After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 31 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

32.     The averments contained in paragraph 32 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 32 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.  By way of further response, it is specifically denied that any conduct of WWFE caused Plaintiff to suffer any harm.

33.     The averments contained in paragraph 33 of the Complaint constitute legal conclusions to which no response is required.

34.     After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 34 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

35.     The averments contained in paragraph 35 of the Complaint constitute legal conclusions to which no response is required.

36.     The averments contained in paragraph 36 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 36 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

37.     The averments contained in paragraph 37 of the Complaint are denied.

38.     The averments contained in paragraph 38 of the Complaint constitute legal conclusions to which no response is required.

39.     The averments contained in paragraph 39 of the Complaint constitute legal

conclusions to which no response is required.  To the extent that a response is required, after

reasonable investigation, WWFE is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 39 of the Complaint and, therefore, said

averments are denied and strict proof thereof is demanded at the time of trial.  By way of further

response, WWFE specifically denies that it engaged in any wrongful actions as alleged by

Plaintiff.

40.     The averments contained in paragraph 40 of the Complaint constitute legal

conclusions to which no response is required.  To the extent that a response is required, after

reasonable investigation, WWFE is without sufficient knowledge or information to form a belief

as to the truth of the averments contained in paragraph 40 of the Complaint and, therefore, said

averments are denied and strict proof thereof is demanded at the time of trial.  By way of further

response, it is specifically denied that any actions of WWFE caused Plaintiff to suffer mental

distress, emotional harm or any other damages as alleged by Plaintiff.

## VI.     COUNT I
## RESPONDEAT SUPERIOR (TITAN SPORTS)

41.     In response to paragraph 41 of the Complaint, WWFE hereby adopts and

incorporates by reference its responses to paragraphs 1 through 40 above as if set forth fully

herein.

42.     The averments contained in paragraph 42 of the Complaint constitute legal

conclusions to which no response is required.  To the extent that a response is required, it is

specifically denied that defendant Phillips was an employee of WWFE at any time.  To the

contrary, defendant Phillips was an independent contractor of WWFE at all relevant times.  By

way of further response, it is specifically denied that the alleged contacts occurred while defendant Phillips was operating under WWFE's authority, supervision, direction or control. After reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the remainder of the averments contained in paragraph 42 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

43.     The averments contained in paragraph 43 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, WWFE specifically denies that it is responsible for any acts of defendant Phillips as alleged by Plaintiff.

44.     The averments contained in paragraph 44 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, WWFE specifically denies that it is responsible for any acts of defendant Phillips as alleged by Plaintiff.

45.     The averments contained in paragraph 45 of the Complaint constitute legal conclusions to which no response is required. To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 45 of the Complaint regarding Plaintiff's alleged damages, and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial. The remainder of the averments contained in paragraph 45 of the Complaint are denied. By way of further response, it is specifically denied that the alleged acts of defendant Phillips occurred while he was acting as an agent, servant and/or employee of WWFE.

## VII.   COUNT II
## NEGLIGENCE (TITAN SPORTS)

46.     In response to paragraph 46 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 45 above as if set forth fully herein.

47-50.   The averments contained in paragraphs 47 through 50 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, said averments are specifically denied.

51.     The averments contained in paragraph 51 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 51 of the Complaint regarding Plaintiff's alleged damages, and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.  By way of further response, WWFE specifically denies that it was negligent in any way and specifically denies that any actions of WWFE caused Plaintiff to suffer mental distress, emotional harm or any other damages as alleged by Plaintiff.

## VIII.   COUNT III
## NEGLIGENT HIRING (TITAN SPORTS)

52.     In response to paragraph 52 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 51 above as if set forth fully herein.

53-55.    The averments contained in paragraphs 53 through 55 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, said averments are specifically denied.

56.    The averments contained in paragraph 56 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 56 of the Complaint regarding Plaintiff's alleged damages, and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.  By way of further response, WWFE specifically denies that it was negligent in any way and specifically denies that any actions of WWFE caused Plaintiff to suffer mental distress, emotional harm or any other damages as alleged by Plaintiff.

### IX.    COUNT IV
### INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS (TITAN SPORTS)

57.    In response to paragraph 57 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 56 above as if set forth fully herein.

58.    The averments contained in paragraph 58 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, said averments are specifically denied.

59.    The averments contained in paragraph 59 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief

as to the truth of the averments contained in paragraph 59 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

60.     The averments contained in paragraph 60 of the Complaint constitute legal conclusions to which no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without sufficient knowledge or information to form a belief as to the truth of the averments contained in paragraph 60 of the Complaint regarding Plaintiff's alleged damages, and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.  By way of further response, WWFE specifically denies that it is responsible for any conduct of defendant Phillips as alleged by Plaintiff.

## X.     COUNT V
### NEGLIGENCE (MEL PHILLIPS)

61.     In response to paragraph 61 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 60 above as if set forth fully herein.

62.     The averments contained in paragraph 62 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraph 62 of the Complaint constitute legal conclusions to which no response is required and, therefore, said averments are denied.

63.     The averments contained in paragraph 63 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraph 63 of the Complaint constitute legal conclusions to which no response is required.  By way of further response, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments

contained in paragraph 63 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

64.     The averments contained in paragraph 64 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraph 64 of the Complaint constitute legal conclusions to which no response is required.  By way of further response, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 64 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

## XI.   COUNT VI (MEL PHILLIPS)
## INTENTIONAL OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

65.     In response to paragraph 65 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 64 above as if set forth fully herein.

66-68.     The averments contained in paragraphs 66 through 68 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraphs 66 through 68 of the Complaint constitute legal conclusions to which no response is required.  By way of further response, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 66 through 68 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

## XII.   COUNT VII
## ASSAULT AND BATTERY (MEL PHILLIPS)

69.     In response to paragraph 69 of the Complaint, WWFE hereby adopts and incorporates by reference its responses to paragraphs 1 through 68 above as if set forth fully herein.

70-74.   The averments contained in paragraphs 70 through 74 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraphs 70 through 74 of the Complaint constitute legal conclusions to which no response is required.  By way of further response, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraphs 70 through 74 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

75.     The averments contained in paragraph 75 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 75 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

76.     The averments contained in paragraph 76 of the Complaint are directed to another defendant and, therefore, no response is required.  To the extent that a response is required, the averments contained in paragraph 76 of the Complaint constitute legal conclusions to which no response is required.  By way of further response, after reasonable investigation, WWFE is without knowledge or information sufficient to form a belief as to the truth of the averments

- 13 -

contained in paragraph 76 of the Complaint and, therefore, said averments are denied and strict proof thereof is demanded at the time of trial.

## SECOND DEFENSE

77.     All claims alleged in the Complaint against WWFE are barred or otherwise limited by the applicable statute of limitations.

## THIRD DEFENSE

78.     Plaintiff has failed to state claims against WWFE upon which relief can be granted.

## FOURTH DEFENSE

79.     Count I of Plaintiff's Complaint (Respondeat Superior) against WWFE is barred because WWFE is not liable for the acts or omissions of its independent contractors, including defendant Phillips.

## FIFTH DEFENSE

80.     Count I of Plaintiff's Complaint (Respondeat Superior) against WWFE is barred because the alleged acts of defendant Phillips were not within the scope of his alleged employment.

## SIXTH DEFENSE

81.     Count IV of Plaintiff's Complaint (Intentional or Reckless Infliction of Emotional Distress) against WWFE is barred because the alleged acts of defendant Phillips were not within the scope of his alleged employment.

## SEVENTH DEFENSE

82.     Count IV of Plaintiff's Complaint (Intentional or Reckless Infliction of Emotional Distress) against WWFE is barred because WWFE did not engage in any extreme or outrageous conduct.

## EIGHTH DEFENSE

83.     Count II (Negligent Supervision) and Count III (Negligent Hiring) of Plaintiff's Complaint against WWFE are barred because WWFE neither knew, nor had reason to know, of any alleged sexual misconduct on the part of defendant Phillips.

## NINTH DEFENSE

84.     All claims alleged in the Complaint against WWFE are barred or otherwise limited by the doctrine of laches.

## TENTH DEFENSE

85.     All claims alleged in the Complaint against WWFE are barred as any injuries or damages sustained by Plaintiff were the sole, proximate and direct result of intervening and superseding causes that were not within the control of WWFE.

## ELEVENTH DEFENSE

86.     All claims alleged in the Complaint against WWFE are barred as any injuries or damages sustained by Plaintiff are solely the result of intervening and/or superseding acts and/or omissions of persons or parties for which intervening and/or superseding acts and/or omissions WWFE is not responsible.

## TWELFTH DEFENSE

87.     All claims alleged in the Complaint against WWFE are barred as any injuries or damages sustained by Plaintiff were not proximately caused by any action or omission of

WWFE, but were caused or brought into being by actions or omissions of Plaintiff, defendant Phillips or of other individuals unknown at this time to WWFE but for whose conduct WWFE is not responsible.

## THIRTEENTH DEFENSE

88.     All claims alleged in the Complaint against WWFE are barred as any injuries or damages sustained by Plaintiff were caused by the acts of defendant Phillips, and not caused by any acts or omissions on the part of WWFE.

## FOURTEENTH DEFENSE

89.     All claims alleged in the Complaint against WWFE are barred or otherwise limited as any injuries or damages sustained by Plaintiff were the sole, proximate and direct result of Plaintiff's own carelessness, recklessness and contributory negligence.

## FIFTEENTH DEFENSE

90.     All claims alleged in the Complaint against WWFE are barred or otherwise limited as any injuries or damages that Plaintiff sustained are solely the result of Plaintiff's knowing, voluntary assumption of the risk.

## SIXTEENTH DEFENSE

91.     All claims alleged in the Complaint against WWFE are barred because Plaintiff consented to any acts of defendant Phillips that are shown to have occurred.

WHEREFORE, Defendant, Titan Sports, Inc., currently known as World Wrestling Federation Entertainment, Inc., denies any and all liability to Plaintiff and respectfully requests that this Honorable Court enter judgment in favor of WWFE and dismiss Counts I through IV of

Plaintiff's Complaint, and grant WWFE such other and further relief as it deems just and

appropriate, including costs and attorneys' fees.

Respectfully submitted,
TITAN SPORTS, INC., currently known as
WORLD WRESTLING FEDERATION
ENTERTAINMENT, INC.

By its attorneys,

D. Lloyd Macdonald (BBO #310440)
Sarah C. Kellogg (BBO #637530)
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA  02109
(617) 951-9000

Of Counsel:
Jerry S. McDevitt
Mark D. Feczko
Kirkpatrick & Lockhart LLP
Henry W. Oliver Building
535 Smithfield Street
Pittsburgh, PA  15222

Dated:  January 17, 2001

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Titan Sports, Inc.'s Answer was served this 17th day of January, 2001, via first-class U.S. mail, postage prepaid, upon the following counsel of record:

Kimberley A. McConnell, Esquire
Law Offices of Christopher M. Uhl
164 Elm Street
Fitchburg, MA 01420